UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

LAKELAND SENIORS, LLC                                                                    PLAINTIFF

V.                                              CIVIL ACTION NO. 3:23-CV-3155-KHJ-MTP

THE UNIVERSITY OF MISSISSIPPI                                                      DEFENDANTS
MEDICAL CENTER, et al.

ORDER

Before the Court is Plaintiff Lakeland Seniors, LLC's [12] Motion to Remand. The Court grants the motion.[1]

I.   Background

This case originated in Hinds County Circuit Court. *See* Compl. [1-1]. On November 13, 2023, Lakeland Seniors sued the University of Mississippi Medical Center (UMMC), the City of Jackson, and JXN Water Inc., claiming that water migrated onto its property and caused damage. *Id*. Its Complaint asserts state-law tort claims for trespass, private nuisance, public nuisance, negligence, and gross negligence. *Id.* ¶¶ 35−77.

"Although the Complaint asserts only state-law causes of action," UMMC and the City (collectively "Defendants") removed the case under 28 U.S.C. § 1331. [1] ¶ 12(a). They argue federal question jurisdiction exists "because of the significant federal issues which are implicated." *Id.* (citing *Grable & Sons Metal Prods., Inc. v.*

---

[1] Defendant the City of Jackson also moves to dismiss. [5]. Because the Court remands the case, it denies the City's motion as moot.

*Darue Eng'g & Mfg.*, 545 U.S. 308, 312 (2005)). The federal implications, they argue, arise from a stipulated order entered in a case in this district before Judge Henry T. Wingate. *Id.* ¶ 12(f) (citing *United States v. City of Jackson*, No. 3:12-CV-790). The stipulated order "appointed Edward 'Ted' Henifin as Interim Third-Party Manager ('ITPM') of the City's water system and Water/Sewer Business Administration Division." *Id.* ¶ 12(i)(i). It also limited Henifin's liability:

> Except for instances of willful misconduct or gross negligence, [Henifin] and [his] Agents shall have the status of officers and agents of this Court, and shall be vested with the same immunities as vested with this Court. No suit shall be filed against [Henifin] or [his] Agents without leave of this Court except as provided in 28 U.S.C. § 959(a).

*Id.* ¶ 12(i)(v) (quotation omitted). Defendants claim the City and JXN Water are Henifin's "agents" and that Henifin's protections "necessarily extend equally to the City and its agents . . . when acting as agents of, or at the direction of, [Henifin] in performing his functions." *Id.* ¶¶ 16–19. Defendants argue Lakeland Seniors violated Judge Wingate's order by not receiving permission to file suit, so Lakeland Seniors' state-law claims implicate a significant federal issue—Judge Wingate's stipulated order. *Id.* ¶¶ 13–14.

Lakeland Seniors disagrees and claims it did not need leave to file suit because "the immunity described in the Stipulated Order [does not] appl[y] to Jxn Water, which is neither Mr. Henifin (the ITPM) nor an agent of Mr. Henifin (an ITPM agent)." Pl.'s Remand Mem. [13] at 4. Even so, on September 11, 2023, Lakeland Seniors sought leave to sue in Judge Wingate's case "out of an abundance of caution and out of respect for [Judge Wingate's] orders[.]" *Id.*; *see also* Mot. for Leave to File Suit [50], *City of Jackson*, No. 3:12-CV-790. Two months later, Judge

Wingate had not ruled on the motion, and the "90-day period was running under the MTCA" for Lakeland Seniors' claims. [13] at 4–5 (citing Miss. Code § 11-46-11). So Lakeland Seniors filed this action "to prevent any applicable statute of limitations from running." *Id.* at 5.[2]

Even if it needed leave to sue, Lakeland Seniors argues the Court lacks jurisdiction because its Complaint asserts only state-law claims that do not substantially affect federal interests. *See id.* at 2. The Court addresses this argument below.

II.   Standard

Defendants removed under 28 U.S.C. § 1331, which grants district courts "original jurisdiction [over] all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. "[R]emoval based on federal question is strictly construed against removal, with doubts resolved in favor of remand[.]" *Rayborn v. Jackson Cnty. Sch. Dist.*, No. 1:23-CV-120, 2023 WL 7414450, at *2 (S.D. Miss. Nov. 9, 2023) (quotation omitted).

Generally, a case arises under federal law when a "plaintiff[] plead[s] a cause of action created by federal law[.]" *Grable*, 545 U.S. at 312. "There is, however, another . . . variety of federal 'arising under' jurisdiction," which allows for federal question jurisdiction "over state-law claims that implicate significant federal issues." *Id.* Courts refer to this variety of "arising under" jurisdiction as the "*Grable* doctrine." *See, e.g., Box v. PetroTel, Inc.*, 33 F.4th 195, 201 (5th Cir. 2022).

---

[2] Lakeland Seniors' motion seeking permission to file suit is still pending before Judge Wingate.

3

"The *Grable* doctrine provides that, even when a state court petition pleads only state law causes of action, federal jurisdiction nonetheless exists 'if a federal issue is: (1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress.'" *Id.* (quoting *Gunn v. Minton*, 568 U.S. 251, 258 (2013)). "For a federal issue to implicate *Grable*, 'it is not enough that the federal issue be significant to the particular parties in the immediate suit.'" *Rayborn*, 2023 WL 7414450, at *3 (quoting *Gunn*, 568 U.S. at 260). "Instead, substantiality requires 'importance of the issue to the federal system as a whole.'" *Id.* (quoting *Gunn*, 568 U.S. at 260).

The Court applies *Grable*'s test by looking at Lakeland Seniors' well-pleaded Complaint. *Venable v. La. Workers' Comp. Corp.*, 740 F.3d 937, 942 (5th Cir. 2013). It considers only "what necessarily appears in the plaintiff's statement of his own claim . . . unaided by anything alleged in anticipation of avoidance of defenses which it is thought the defendant may interpose." *Id.* (quotation omitted). "The fact that the parties may ultimately litigate a federal issue does not establish that plaintiff's cause of action arises under the Constitution or the laws of the United States[.]" *Rayborn*, 2023 WL 7414450, at *3 (citation omitted). Rather, the party invoking *Grable* "must *still* show that the alleged federal issue arises on the face of the state court petition." *Box*, 33 F.4th at 202.

III. Analysis

The parties do not dispute that Lakeland Seniors asserts only state-law claims. *See, e.g.*, Def.'s Remand Mem. [21] at 4 ("Plaintiff's state-law claims

4

implicate significant federal issues."). Instead, they dispute whether the *Grable* doctrine allows federal jurisdiction. The City argues it does because the "lawsuit directly implicates (and seeks to hold liable) either the City or JXN Water for work that is directly controlled by this Court's federal decree." *Id.* at 2.[3] Lakeland Seniors disagrees and argues *Grable* does not apply:

> A federal issue does not arise on the face of Lakeland Senior[s'] Complaint, the purported federal issue is not actually disputed in this action, the purported federal issue is not substantial to the federal system as a whole, and the purported federal issue is not capable of resolution in federal court without disrupting the federal-state balance approved by Congress.

[13] at 2. The Court agrees with Lakeland Seniors.

The *Grable* doctrine requires a plaintiff's state-law claims to "necessarily raise[]" a federal issue. *See Box*, 33 F.4th at 201. A state-law claim necessarily raises a federal issue when "resolving a federal issue is necessary to resolution of the state-law claim." *Singh v. Duane Morris LLP*, 538 F.3d 334, 338 (5th Cir. 2008). Lakeland Seniors asserts state-law tort claims for trespass, private nuisance, public nuisance, negligence, and gross negligence. [1-1] ¶¶ 35–77. Under Mississippi law, the elements for these causes of action do not "require[] proving a federal issue."

---

[3] The City's responsive briefing—not the Notice of Removal—asserted federal question jurisdiction based on the Clean Water Act. *See* [1]; [21]. Lakeland Seniors argues that because the "Notice of Removal did not assert federal question '*Grable*' jurisdiction based on the Clean Water Act as a ground for removal[,]... this new ground for removal is not properly before the Court." Pl.'s Remand Reply [23] at 5. The City has not moved to amend its Notice of Removal, so the Court need not reach these arguments. *See Wright v. Combined Ins. Co. of Am.*, 959 F. Supp. 356, 359 (N.D. Miss. 1997) ("If a defendant *seeks to amend* the notice of removal at any time thereafter, he may only do so to clarify the jurisdictional grounds for removal which were unartfully stated in the original notice." (emphasis added)). The Court therefore relies only on the jurisdictional arguments presented in the Notice of Removal.

5

*Box*, 33 F.4th at 202 (citing *Venable*, 740 F.3d at 943).[4] The first element therefore fails.

The *Grable* doctrine's second and third elements also fail. The City claims the federal issue arises from Judge Wingate's stipulated order, [1] ¶ 12(f), but the parties do not "actually dispute" that order here. Rather, whether Lakeland Seniors needed permission to sue under the stipulated order is a question that is pending before Judge Wingate. And this Court cannot say that the resolution of that question establishes a substantial issue "that is important to 'the federal system as a whole.'" *Rayborn*, 2023 WL 7414450, at *6 (quoting *Gunn*, 568 U.S. at 260). The City has all but conceded this point. *See* [21] at 3 ("[T]his suit being tried in federal court will only impact a small number of other cases where plaintiffs attempt to file suit against the City or JXN Water over the City's water system.").

For the last element, the City does not show how Lakeland Seniors' claims are "capable of resolution in federal court without disrupting the federal-state balance approved by Congress." *Gunn*, 568 U.S. at 258. The City's Notice of Removal argues only that "[t]his case cannot proceed in state court without constant interruptions to resolve disputes which can only be resolved by the federal court which entered the [Stipulated] Orders in question here." [1] ¶ 18. Its briefing also offers little insight into this element and instead claims that the "Court's exercise of

---

[4] *See also Dean v. State*, 295 So. 3d 575, 579 (Miss. Ct. App. 2020) (identifying elements for trespass claim); *Christmas v. Exxon Mobil Corp.*, 138 So. 3d 123, 126 (Miss. 2014) (private nuisance); *Comet Delta, Inc. v. Pate Stevedore Co. of Pascagoula*, 521 So. 2d 857, 860 (Miss. 1988) (public nuisance); *Sanderson Farms, Inc. v. McCullough*, 212 So. 3d 69, 76 (Miss. 2017) (negligence); *McDonald v. Lemon-Mohler Ins. Agency, LLC*, 183 So. 3d 118, 126 (Miss. Ct. App. 2015) (gross negligence).

jurisdiction cannot open the federal courts to an undesirable quantity of litigation because there is currently a pending matter before this Court concerning the City's water and sewer system." [21] at 9. Neither argument justifies the Court's assertion of federal question jurisdiction here. Indeed, "[w]hether a similar claim or factual occurrence is pending in a separate case before this Court, where separate federal claims were asserted to independently vest the Court with federal jurisdiction, does not speak to the existence of subject-matter jurisdiction in this case." *Rayborn*, 2023 WL 7414450, at *6 (citing *Gunn*, 568 U.S. at 258). The last element fails.

In short, the *Grable* doctrine does not allow for the exercise of federal question jurisdiction over Lakeland Seniors' state-law claims. The Court therefore lacks subject matter jurisdiction. Remand is proper.

IV. Conclusion

The Court has considered all arguments. Those not addressed would not have changed the outcome. For the stated reasons, the Court GRANTS Lakeland Seniors' [12] Motion to Remand and DENIES as moot the City's [5] Motion to Dismiss. The Court REMANDS this case to the Circuit Court of Hinds County.

SO ORDERED, this the 5th day of March, 2024.

s/ *Kristi H. Johnson*
UNITED STATES DISTRICT JUDGE